**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROBERT GILLIAM,**

    **Petitioner,**

**vs.**　　　　　　　　　　　　　　　　　　　**Case No. 4:10cv319-SPM/WCS**

**R. A. PURDUE,**

    **Respondent.**

    _____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2241 PETITION

    Petitioner, proceeding pro se, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus. Doc. 1. He did not submit service copies, and did not pay the $ 5.00 filing fee or file a motion to proceed in forma pauperis.

    Petitioner challenges the execution of his sentence by the Bureau of Prisons (BOP). He asks the court to direct the BOP to properly consider him for the maximum term of placement in a Residential Re-entry Center (RRC), citing the Second Chance Act of 2007 (effective April 9, 2008). Doc. 1, p. 18.

    Petitioner styles his pleading as a petition for writ of habeas corpus, and his challenge to the execution of sentence should be raised in a habeas corpus proceeding.

But Petitioner is incarcerated at the United States Penitentiary in Atlanta, Georgia,[1] and this court lacks jurisdiction. See Rumsfeld v. Padilla, 542 U.S. 426, 442, 124 S.Ct. 2711, 2722, 159 L.Ed.2d 513 (2004) (courts are limited by § 2241(a) to granting habeas relief "within their respective jurisdictions," and must have jurisdiction over the custodian; the traditional rule is that the writ is "issuable only in the district of confinement.") (citations omitted). Transfer to the district of confinement is appropriate.

It is therefore respectfully **RECOMMENDED** that this cause be **TRANSFERRED** to the United States District Court for the Northern District of Georgia for all further proceedings. .

**IN CHAMBERS** at Tallahassee, Florida, on August 3, 2010.

S/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] Petitioner may have filed here because he was convicted in this district; he provides case number 4:07cr19-01 in the style of the petition. Doc. 1, p. 1. In that criminal case, Petitioner was originally sentenced to a term of imprisonment of 168 months, later reduced to 96 months. See docs. 28 and 34 in 4:07cr19-RH.

Case No. 4:10cv319-RH/WCS